UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-CV-22550

ALEX VON KRUGUER,

    Plaintiff,

vs.

EARTH & WATER CONSULTING, INC.,
BIO-CELLULAR DESIGN AERONAUTICS, INC. and
KAMAL BENJELLOUN,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Alex von Kruguer, sues Defendants, Earth & Water Consulting, Inc., Bio-Cellular Design Aeronautics, Inc. and Kamal Benjelloun, based on the following good cause:

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Alex von Kruguer**, was and is a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was an hourly non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203 (e), who earned but did not receive overtime wages calculated at time and one-half times his regular rate of pay for all time spent working over 40 hours per week from Defendants at all times material. Plaintiff consents to participate in this lawsuit. [DE 1-1.]

2.     **Defendant, Earth & Water Consulting, Inc.**, is a *sui juris* Florida for-profit business with its principal place of business and registered agent in Miami-Dade County, Florida, that conducts its for-profit business in this District.

3.     **Defendant, Bio-Cellular Design Aeronautics, Inc.**, is a *sui juris* Florida for-

1

profit business with its principal place of business and registered agent in Miami-Dade County, Florida, that conducts its for-profit business in this District.

4. **Defendant, Kamal Benjelloun,** was and is the owner, operator, and/or managing member of the corporate Defendants for the relevant time period. He conducts business in this District, ran the day-to-day operations of the corporate Defendants, and was responsible for paying Plaintiff's wages.

5. Defendants were direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203 (d). Both Defendants employed Plaintiff.

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because the corporate Defendants maintain their principal place of business in this District, because Plaintiff performed his work in this District, and because most if not all of the operational decisions were made in this District.

7. This Court has original jurisdiction over Plaintiff's federal question claims and pendent jurisdiction over Plaintiff's related, Florida state law claims.

### *Background Facts*

8. Defendants have been at all times material engaged in interstate commerce in the course of their provision of environmental and consulting services (Earth & Water Consulting, Inc.) and aerospace research, design, and development (Bio-Cellular Design Aeronautics, Inc.) from offices outside of the State of Florida that, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce. Furthermore, Defendants engage in interstate commerce in the course of their exchange of emails, express mailings, out-of-state meetings, conference calls, submission of billings and

2

receipt of payment involving out-of-state payors. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

9. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

10. Plaintiff's work for Defendants, and the work of the other similarly situated employees of Defendants, was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants.

11. Plaintiff worked for Defendants as an administrative and executive assistant and consultant who utilized telephones, computers, pens, pencils, stationary, computers, monitors, files, filing supplies, machinery, materials, and supplies that were provided to him by Defendants and that traveled in interstate commerce prior Plaintiff's use of the same. Further, Plaintiff routinely traveled in interstate commerce for Defendants.

12. Plaintiff worked for Defendants from approximately June 2012 to May 31, 2015.

13. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

14. Plaintiff had a written employment agreement with Defendants in effect until June 2014. On June 4, 2014, Plaintiff again formalized his prior working relationship and entered into a subsequent written agreement with Defendant, Earth & Water Consulting, Inc., pursuant to

3

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

which it agreed to pay Plaintiff the amount of $70,000 per year, plus discretionary bonuses, on a bi-weekly basis for a term of one year.

15. Plaintiff earned from Defendants between $70,000 and $84,240 on an annual basis, excluding discretionary bonuses (June 2012 to December 2013: $78,000 base; then, December 2013 to June 2014: $84,240, then June 2014 to November 2014: $70,000 base, then November 2014 to June 2015: $84,240 base).

16. Plaintiff routinely worked 60-70 hours per week for Defendants.

17. Ultimately, Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half of his regular hourly rate for all hours worked over 40 hours in a given workweek.

18. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### COUNT I – FLSA OVERTIME VIOLATION

Plaintiff reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

19. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times his regular rate of pay for each of the overtime hours worked during the relevant time period.

20. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay overtime, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the overtime pay earned.

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

21. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Alex von Kruguer, demands the entry of a judgment in his favor and against Defendants, Earth & Water Consulting, Inc., Bio-Cellular Aeronautics, Inc. and Kamal Benjelloun, after trial by jury and as follows:

    a. That Plaintiff recover compensatory damages and an equal amount of liquidated damages for the past three years as provided under the law and in 29 U.S.C. § 216(b);

    b. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

    c. That Defendants be Ordered to make whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

    d. Such other and further relief as the Court deems just and proper.

<u>**COUNT II – BREACH OF CONTRACT**</u>
**(AGAINST BIO-CELLUARL DESIGN AERONAUTICS, INC.)**

Plaintiff reincorporates and re-alleges paragraphs 1 through 18 as though set forth fully herein and further alleges as follows:

22. Plaintiff and Defendant, Bio-Cellular Design Aeronautics, Inc., contracted an agreed that Plaintiff's employment agreement would be for a term of one year, and that the agreement would automatically renew unless Defendant, Earth & Water Consulting, Inc., terminated the agreement at least 60 days prior to renewal.

5

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

23. Defendant, Bio-Cellular Design Aeronautics, Inc., tendered an untimely termination of the agreement less than 60 days before the expiration of the first year term / renewal period.

24. Defendant, Bio-Cellular Design Aeronautics, Inc., and Plaintiff entered into a subsequent agreement whereby Plaintiff would work for this particular Defendant on an hourly basis pursuant to which he would receive $41/hour for each hour worked. [ECF No. 1-2.]

25. Plaintiff performed under the Agreement [ECF No. 1-2] by expending 131 documented hours of work on Defendants' behalf.

26. According to this same agreement for hourly work [ECF No. 1-2], Defendant, Bio-Cellular Design Aeronautics, Inc., agreed to pay Plaintiff within 5 days of receipt of an emailed invoice for services from Plaintiff.

27. Plaintiff emailed his invoice for 131 hours of work performed to Defendant, Bio-Cellular Design Aeronautics, Inc., on June 5, 2015 (along with a copy of his work log). [ECF No. 1-4]

28. Defendant, Bio-Cellular Design Aeronautics, Inc., breached the contract by failing satisfy its payment obligations to Plaintiff within 5 days after receipt of Plaintiff's emailed invoice for work performed. [ECF Nos. 1-2, 1-3.]

29. As a direct and proximate result of Defendant, Bio-Cellular Design Aeronautics, Inc., breach of the written agreement appended at [ECF No. 1-2], Plaintiff suffered damages in the aggregate sum of $5,371.00.

WHEREFORE Plaintiff, Alexander von Kruger demands that this Court enter a judgment in his favor and against Defendant, Bio-Cellular Design Aeronautics, Inc., in the principal liquidated amount of $5,371.00, plus pre-judgment and post-judgment interest, its attorneys' fees

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

and costs incurred in this matter pursuant to the agreements between the parties, and to award such other and further relief as this Court deems just and proper.

### COUNT III – ACCOUNT STATED
### (AGAINST BIO-CELLULAR DESIGN AERONAUTICS, INC.)

Plaintiff reincorporates and re-alleges paragraphs 1 through 18 and 22 through 29 as though set forth fully herein and further alleges as follows:

30. Plaintiff and Defendant, Bio-Cellular Design Aeronautics, Inc., had business transactions between them prior to the commencement of this action which led to the unpaid resulting balance of $5,371.00 owed to Plaintiff pursuant to the Agreement [ECF No. 1-2] and the attached account. [ECF No. 1-3]

31. Defendant, Bio-Cellular Design Aeronautics, Inc., owes Plaintiff the principal amount of $5,371.00, along with pre-judgment interest thereon plus all attorneys' fees and costs incurred by Plaintiff. [ECF No. 1-3]

WHEREFORE Plaintiff, Alex von Kruger demands that this Court enter a judgment in his favor and against Defendant, Bio-Cellular Design Aeronautics, Inc., in the principal liquidated amount of $5,371.00, plus pre-judgment and post-judgment interest, its attorneys' fees and costs incurred in this matter pursuant to the agreements between the parties, and to award such other and further relief as this Court deems just and proper.

### COUNT IV – UNJUST ENRICHMENT
### (AGAINST ALL DEFENDANTS)

Plaintiff reincorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:

32. Plaintiff provided labor and services for Defendants, and they received and accepted the benefits of the labor and services supplied by Plaintiff.

7

33. Plaintiff expected to be paid a reasonable value for the labor and services he provided to Defendants, and the reasonable value of his labor and services is $5,371.00.

34. Defendants have been unjustly enriched in that they have failed and refused to make payment to Plaintiff in the amount of $5,371.00 (or any other amount) for such benefits, exclusive of costs and interest.

WHEREFORE Plaintiff, Alex von Kruger demands that this Court enter a judgment in his favor and against Defendants, Earth & Water Consulting, Inc., Bio-Cellular Design Aeronautics, Inc., and Kamal Benjelloun in the principal amount of $5,371.00, plus pre-judgment and post-judgment interest, and costs incurred in this matter, and to award such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated this 7th day of July, 2015.

Respectfully Submitted,

FAIRLAW FIRM
*Counsel for Plaintiff*
8603 S. Dixie Highway
Suite 408
Miami, FL 33143
Tel:   305.230.4884
Fax:   305.230.4844

s/*Brian H. Pollock, Esq.*
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com

8

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com   www.fairlawattorney.com