UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CV-22550-AOR

ALEX VON KRUGUER,

    Plaintiff,
v.

EARTH & WATER CONSULTING, INC.,
BIO-CELLULAR DESIGN AERONAUTICS,
INC. and KAMAL BENJELLOUN,

    Defendants.

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

Plaintiff Alex Von Kruguer ("Plaintiff") and Defendants Earth & Water Consulting, Inc. ("EWC"), Bio-Cellular Design Aeronautics, Inc. ("BDA") and Kamal Benjelloun ("Benjelloun") (collectively the "Parties") hereby file this Joint Motion for Approval of Settlement Agreement and General Release ("Settlement Agreement"). Upon review of the proposed settlement for fairness pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982), the Parties request the Court enter an order approving the settlement. Through this Motion, and pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), the Parties further agree and stipulate to the dismissal, with prejudice, of Plaintiff's action in its entirety, with each Party to bear his or its own attorneys' fees and costs, contingent upon the Court's approval of the Settlement Agreement. As discussed below, the proposed settlement is a reasonable compromise of Plaintiff's claims and furthers implementation of the FLSA in EWC, BDA and Benjelloun's workplace. *See Dees v. Hydrady, Inc.,* No. 8:09-cv-1405-T-23TBM, 2010 WL 1539813, at *5 (M.D. Fla. Apr. 19, 2010).

I.    THE SETTLEMENT IS FAIR AND REASONABLE

Plaintiff's Complaint alleges claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").  EWC, BDA and Benjelloun have denied Plaintiff's claims, and the Parties have reached an agreement to resolve all claims in this case.  Given that this case involves claims under the FLSA, the Parties respectfully seek Court approval of their Settlement Agreement, and the entry of an order of dismissal with prejudice if the Court approves this settlement.  *Lynn's Food Stores, Inc. v. United States of Am.*, 679 F.2d 1350, 1353 (11th Cir. 1982).  The settlement was reached through arm's length negotiation, in good faith, between the Parties on advice of their respective counsel and through the use of a neutral third-party mediator.  *See Leverso v. SouthTrust Bank of Ala.*, 18 F.3d 1527, 1531 & n. 6 (11th Cir. 1994) (listing the considerations for approving an FLSA settlement).  All parties have found the settlement to be fair and reasonable.  *See id.*

The pleadings and Settlement Agreement reflect that this litigation involves bona fide disputes of both law and fact, including, but not limited to, whether Plaintiff was properly paid overtime for all hours worked over forty (40) in a workweek during his employment.  The Parties agree that the Settlement Agreement represents a fair and equitable compromise of the claims involved.  The Parties further represent to the Court that there was no undue influence, overreaching, collusion or intimidation in the negotiation and execution of the Settlement Agreement.  In addition, pursuant to the settlement reached by the Parties, EWC, BDA and Benjelloun have tendered to Plaintiff all, or close to all, disputed wages owed.  Further, the amount being paid to Plaintiff is not compromised by the amount being paid for attorney's fees.

The Parties have agreed to keep the terms of the Settlement Agreement confidential.  The confidentiality of the Settlement Agreement was a key factor in the parties' good faith efforts to resolve this matter.  Indeed, courts have recognized that "confidentiality is often an important

element in successful settlements." *Perez v. Carey Intern., Inc*., No. 06-22225-CIV, 2008 WL 4490750, *6 (S.D. Fla. Sept. 26, 2008); *Brumley v. Camin Cargo Control, Inc*., No. 08-1798 (JLL), 2012 WL 300583, *2 (D.N.J. Feb. 1, 2012) ("the Court finds that protecting the confidentiality of settlement agreements alone may be a valid public interest"); *Hasbrouk v. BankAmerica Housing Services*, 187 F.R.D. 453, 458 (N.D.N.Y. 1999) ("protecting the confidentiality of the settlement agreement promotes the important public policy of encouraging settlements…..confidentiality is an important corollary without which many lawsuit would remain unsettled"); *SEC v. Thrasher*, No. 92 Civ. 6987 (JFK), 1995 WL 552719, *1 (S.D.N.Y. Sept. 18, 1995) ("settlement discussions are typically treated as confidential, since their disclosure may impact on the parties' interests, either in business affairs or in ongoing litigation. The threat of disclosure would put a serious crimp in such discussions, since candor would likely give way to extreme caution in making disclosures that are often vital to the success of such negotiations."). Because the Parties have agreed to keep the terms of the Settlement Agreement confidential, the Parties propose submitting a copy of the Settlement Agreement directly to chambers for the Court's consideration, along with a courtesy copy of this Motion.

**II.   THE SETTLEMENT PROMOTES IMPLEMENTATION OF THE FLSA IN THE WORKPLACE**

EWC, BDA and Benjelloun assert that there is no evidence of any history of FLSA non-compliance by them. Moreover, although EWC, BDA and Benjelloun admit no wrongdoing, paying the amount agreed upon in the Settlement Agreement will certainly ensure future compliance by the EWC, BDA and Benjelloun with their FLSA obligations. Under these circumstances, the Settlement Agreement furthers implementation of the FLSA in the workplace.

## **CONCLUSION**

For the foregoing reasons, the Parties respectfully request that this Court review the Settlement Agreement in camera, approve their Settlement Agreement and General Release of all claims, and dismiss this action with prejudice. For the Court's convenience, a proposed order granting the Parties' Motion is attached.

Dated: March 18, 2016                                        Respectfully submitted,

| | |
|---|---|
| **FAIRLAW FIRM** | **GREENBERG TRAURIG, LLP** |
| *Attorneys for Plaintiff Alex Von Kruguer* | *Attorneys for Defendants Earth & Water Consulting, Inc., Bio-Cellular Design Aeronautics, Inc. and Kamal Benjelloun* |
| 8603 South Dixie Highway | 333 Avenue of the Americas |
| Suite 408 | Suite 4400 |
| Miami, Florida 33143 | Miami, Florida 33131 |
| Telephone: (305) 230-4884 | Telephone: (305) 579-0516 |
| Facsimile: (305) 230-4844 | Facsimile: (305) 579-0717 |
| | By: */s/ Patrick F. Martin* |
| By: _____ | PATRICK F. MARTIN |
| BRIAN H. POLLOCK | Florida Bar No. 00998729 |
| Florida Bar No. 174742 | martinpa@gtlaw.com |
| brian@fairlawattorney.com | |

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 18, 2016, a copy of the foregoing was electronically filed with the Court's CM/ECF system, which will automatically deliver notice upon the following:

**Brian H. Pollock, Esq.**
FAIRLAW FIRM
8603 South Dixie Hwy., Suite 408
Miami, FL  33143
brian@fairlawattorney.com

*Counsel for Plaintiff*

                                            */s/ Patrick F. Martin*
                                            PATRICK F. MARTIN